# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JOSEPH FOTE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-207 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | |
| HALSTED FINANCIAL SERVICES LLC and RESURGENT CAPITAL SERVICES LIMITED PARTNERSHIP, | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Joseph Fote is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that he engaged in a consumer credit transaction.

6. Defendant Halsted Financial Services, LLC ("HFS") is a foreign limited liability company with its principal place of business located at 8001 North Lincoln Avenue, Suite 500, Skokie, Illinois 60077.

7. HFS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. HFS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. HFS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

10. Defendant Resurgent Capital Services Limited Partnership ("Resurgent") is a foreign limited partnership with its principal place of business located at 55 Beattie Place Suite 110 MS 300, Greenville, South Carolina 29601.

11. Resurgent is engaged in the business of collecting debts owed to others and acquired after default, which were incurred for personal, family or household purposes.

12. Resurgent services accounts for non-party LVNV Funding, LLC ("LVNV"), a limited liability company that is in the business of purchasing or otherwise acquiring consumer debts.

13. Upon information and belief, when LVNV purchases debts, Resurgent receives the electronic data on the account directly from the original creditor.

14. Where LVNV purchases debts, Resurgent is able and has all management ability to collect on the account, to file suit on the account, to not file suit on the account, and generally to do whatever they feel would be the appropriate action for the account.

15. Resurgent operates as a collection agency for some of the accounts for which it acts as a master servicer, and refers other accounts to other collection agencies and law firms.

16. Resurgent is a "debt collector" as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

17. A company meeting the definition of a "debt collector" (here, Resurgent) is vicariously liable for the actions of a second company (here, HFS) collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf) (*citing Pollice*, 225 F.3d at 404-05).

## **FACTS**

18. On or about April 11, 2018, HFS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to LVNV, and allegedly originally owed to "CREDIT ONE BANK, N.A." ("Credit One"). A copy of this letter is attached to this complaint as Exhibit A.

19. Upon information and belief, the alleged debt referenced in Exhibit A is an alleged Credit One credit card account, used only for personal, family or household purposes, including but not limited to purchases of household goods and services.

20. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

21. Exhibit A includes the following:

> This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.com.

Exhibit A.

22. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

23. Third-party debt collectors who collect debts on behalf of others, like HFS, are "collection agencies" within everyday usage of the term. *E.g., Torres*, 2018 U.S. Dist. LEXIS 49885, at *4 (N.D. Ill. Mar. 27, 2018) ("Both LVNV and [Nations Recovery Center, Inc.] hold a collection agency license from the State of Illinois.").

24. Third-party debt buyers, like LVNV, and their master servicing agents, like Resurgent, are also "collection agencies" within everyday usage of the term. *E.g., Torres*, 2018 U.S. Dist. LEXIS 49885, at *4 (N.D. Ill. Mar. 27, 2018) ("Both LVNV and [Nations Recovery Center, Inc.] hold a collection agency license from the State of Illinois."); *see also, LVNV Funding, LLC v. Finch*, 2017 Md. App. LEXIS 942, at *28 (Md. Court of Special Appeals Sept. 14, 2017) ("Even though LVNV disagrees with the circuit court's ultimate conclusion, there was no dispute of material fact relevant to whether LVNV was a 'collection agency' under the [Maryland Collection Agency Licensing Act].").

25. The unsophisticated consumer would understand the representation in Exhibit A that "[t]his Collection Agency is licensed by the Division of Banking" applied to LVNV and/or its servicing agent, Resurgent, as well as HFS.

26. HFS does not, in fact, hold a Wisconsin Collection Agency License.

27. HFS is not licensed by the Division of Banking or any other Wisconsin governmental agency.

28. HFS was not licensed by the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

29. HFS is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited February 8, 2019).

30. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that HFS did not hold a Wisconsin collection agency license on the date that Exhibit A was mailed.

31. Neither LVNV nor Resurgent, in fact, hold a Wisconsin Collection Agency License.

32. Neither LVNV nor Resurgent is not licensed by the Division of Banking or any other Wisconsin governmental agency.

33. Neither LVNV nor Resurgent was licensed by the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

34. Neither LVNV nor Resurgent is listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited February 8, 2019).

35. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that neither LVNV nor Resurgent held a Wisconsin collection agency license on the date that Exhibit A was mailed.

36. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Derosia v. Credit Corp. Sols.,* 2018

U.S. Dist. LEXIS 50016, at *7-8 (E.D. Wis. Mar. 27, 20180 (citing *Radaj*); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.").

37. Resurgent is liable, directly or vicariously, for its debt collectors' FDCPA and WCA violations. *Janetos*, 825 F.3d at 325-26.

38. Plaintiff was confused by Exhibit A.

39. The unsophisticated consumer would be confused by Exhibit A.

40. Plaintiff had to spend time and money investigating Exhibit A.

### *The FDCPA*

41. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a

6

misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same);

*see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

42. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

43. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

45. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

***The WCA***

46. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

47. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

48. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

49. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

50. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

51. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See*

9

Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

52. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

53. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

54. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

### COUNT I – FDCPA

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. Exhibit A falsely states that: "This collection agency is licensed by the Division of Banking" for the State of Wisconsin.

57. Exhibit A falsely represents that HFS is licensed as a collection agency pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74, and falsely gives the appearance of being authorized or approved by a governmental agency.

10

58. <u>Exhibit A</u> falsely represents that LVNV and/or Resurgent is licensed as a collection agency pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74, and falsely gives the appearance of being authorized or approved by a governmental agency.

59. Defendants violated 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(9).

## COUNT II – WCA

60. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

61. <u>Exhibit A</u> falsely represents that HFS is licensed as a collection agency pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74, and falsely gives the appearance of being authorized or approved by a governmental agency.

62. <u>Exhibit A</u> falsely represents that LVNV and/or Resurgent is licensed as a collection agency pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74, and falsely gives the appearance of being authorized or approved by a governmental agency.

63. Defendants violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

64. Plaintiffs bring this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by HFS, (c) stating that "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions," (d) where the letter was attempting to collect an alleged debt owed to LVNV, (e) and the alleged debt was incurred for personal, family or household purposes, (f) and the letter was mailed between February 8, 2018 and February 8, 2019, inclusive (g) and was not returned by the postal service.

65. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

66. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

67. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

68. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

69. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

70. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 8, 2019.

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge_____

John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com